In re "AGENT ORANGE" PRODUCT LIABILITY LITIGATION.

MDL No. 381.

United States District Court,
E.D. New York.

Oct. 17, 1983.

Victor J. Yannacone, Jr., Yannacone & Associates, Patchogue, N.Y., for plaintiffs.

Leonard L. Rivkin, Rivkin, Leff, Sherman & Radler, Garden City, N.Y., for defendant The Dow Chemical Corp.

Morton B. Silberman, Clark, Gagliardi & Miller, White Plains, N.Y., for defendant T.H. Agr. & Nutrition Co., Inc.

Wendell B. Alcorn, Jr., Cadwalader, Wickersham & Taft, New York City, for Diamond Shamrock.

Philip D. Pakula, Townley & Updike, New York City, for defendant Monsanto.

William Krohley, Kelley Drye & Warren, New York City, for defendant Hercules, Inc.

Thomas Beck, Arthur, Dry & Kalish, New York City, for defendant Uniroyal.

Howard Lester, Lester, Schwab, Katz & Dwyer, New York City, for defendant Hoffman-Taft.

John M. Fitzpatrick, Dilworth, Paxson, Kalish & Levy, Philadelphia, Pa., for defendant Hooker Plastics & Chemicals Corp.

David R. Gross, Budd, Larner, Kent, Gross, Picillo & Rosenbaum, Newark, N.J., for defendant Thompson Chemical Co.

Paul V. Esposito, Lewis, Overbeck & Furman, Chicago, Ill., for defendant Riverdale Chemical Co.

Arvin Maskin and Gretchen Leah Witt, Civil Div., Dept. of Justice, Washington, D.C., for the United States of America.

GEORGE C. PRATT, Chief Judge:

Defendants appeal from the two rulings included in the special master's addendum dated October 3, 1983 to his recommendation of August 17, 1983. These two items are all that remain in dispute of a group of discovery problems originally addressed in the special master's recommendation of June 8, 1983. In Pretrial Order No. 53, the court decided a number of the disputed issues, but referred four of them back to the special master for reexamination. On August 17, 1983 the special master made a further recommendation from which defendants and the government both appealed. At the request of the special master, however, this court referred the matter back to the special master for reconsideration. His addendum of October 3, 1983 is the result of that reconsideration.

Only two open matters remain before the court. As to the first, the special master has recommended that government counsel, who appear as attorneys for former government employees, be permitted to review personal files of the former government employees prior to their production so as to be able to frame objections on grounds of relevancy and privilege. As to the second matter, the special master recommended that the government not be required to produce for depositions custodians of government documents. He felt that under the circumstances such depositions were not warranted, nor would they be productive of relevant documents.

The court has carefully considered the circumstances out of which the disputes arise and the arguments raised by defendants, both on the initial appeal and on the appeal from the special master's addendum. After due deliberation, the recommendations are approved and

SO ORDERED.